Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 8634

------------------------------------------------------------X
NATHAN DERSHOWITZ, Executor of the Estate of
MARILYN DERSHOWITZ, deceased,

                                                 CIVIL ACTION NO.:

                      Plaintiff,        COMPLAINT

   -against-

THE UNITED STATES OF AMERICA,

                    Defendant.
------------------------------------------------------------X

[RECEIVED NOV 28 2012 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, NATHAN DERSHOWITZ, by his attorneys, GAIR, GAIR, CONASON, STEIGMAN, MACKAUF, BLOOM & RUBINOWITZ, complaining of the defendant, respectfully sets forth and alleges as follows:

## JURISDICTION

1.    This is an action for personal injuries founded, <u>inter alia</u>, upon wrongful death, under the laws of the State of New York.

2.    This action against THE UNITED STATES OF AMERICA (herein "USA") arises under the Federal Tort Claims Act 28 U.S.C. §§ 1346(b), 2671-80, as herein more fully appears.

## VENUE and PARTIES

3.    The plaintiff, NATHAN DERSHOWITZ (herein "plaintiff"), at all times herein mentioned was and still is a citizen of the State of New York residing at 2 Tudor City Place, New York, New York 10017.

4.    The defendant, USA, is a party to this action by virtue of 28 U.S.C. §§ 1346(b) and 2671, et seq.

5.    The United States Postal Service (herein "USPS") is an agency of defendant,

USA.

## PROCEDURAL HISTORY

6. Pursuant to 28 U.S.C. §2675(a) a claim dated November 7, 2011, alleging damage due to personal injuries and the wrongful death sustained by plaintiff's decedent, MARILYN DERSHOWITZ (herein "decedent"), against the USPS by virtue of the negligence, carelessness and recklessness of the USPS, its agents, servants and employees, including Ian Clement, in the ownership, use, operation, management, maintenance and control of a postal truck bearing USA registration tag number 4871351, and in the ownership, use, operation, management, maintenance, control and parking of a postal trailer bearing USA registration tag number 7025044, on or about July 2, 2011, was duly filed by plaintiff on or before November 8, 2011, with the USPS, Attention: Charisse Wynn, Customer Service Analyst, 421 8th Avenue, New York, New York 10199-9998.

7. More than six months have passed since the filing of plaintiff's aforesaid claim and plaintiff's claim has not been finally disposed of by the USPS.

8. This action is timely commenced pursuant to 28 U.S.C. §§2401 and 2675(a).

## AS AND FOR A FIRST CAUSE OF ACTION

9. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated "1" through "8" inclusive, with the same force and effect as if herein set forth more fully at length.

10. Prior to the commencement of this action, and more particularly, on the 4th day of August, 2011, plaintiff, NATHAN DERSHOWITZ, was appointed executor of the estate of MARILYN DERSHOWITZ and duly granted Letters Testamentary on the goods, chattels and

2

credits of MARILYN DERSHOWITZ, deceased, by order of the Hon. Nora S. Anderson, New York County Surrogates's Court, was duly qualified as such and is now acting in said capacity.

11. At all times herein mentioned, defendant, USA's agency, USPS, owned a postal facility known as the Morgan Processing and Distribution Center, located at 341 Ninth Avenue, New York, New York.

12. At all times herein mentioned, defendant, USA, its agency USPS, and their agents, servants and employees managed, maintained, operated and controlled the postal facility known as the Morgan Processing and Distribution Center, located at 341 Ninth Avenue, New York, New York.

13. Upon information and belief, that at all times herein mentioned, defendant, USA, its agency USPS, and their agents, servants and employees managed, maintained and controlled 28th Street between 9th Avenue and 10th Avenue in the County, City and State of New York.

14. Upon information and belief, that at all times herein mentioned, defendant, USA's, agency, USPS, was the owner of a trailer bearing USA registration tag number 7025044.

15. Upon information and belief, that at all times herein mentioned, defendant, USA, its agency USPS, and their agents, servants and employees managed, operated and controlled the aforesaid trailer bearing USA registration tag number 7025044.

16. Upon information and belief, that at all times herein mentioned, defendant, USA, its agency USPS, and their agents, servants and employees negligently parked the aforesaid trailer bearing USA registration tag number 7025044.

17. Upon information and belief, that at all times herein mentioned, defendant, USA, its agency USPS, and their agents, servants and employees negligently parked the aforesaid

trailer bearing USA registration tag number 7025044 in bay 2907 at the Morgan Processing and Distribution Center, located on the north side of West 29th Street between 9th Avenue and 10th Avenue, in the County, City and State of New York, in such a way that said trailer protruded into the right driving lane of West 29th Street, causing an unsafe, dangerous and hazardous condition for motorists, bicyclists and pedestrians.

18. Upon information and belief, that at all times herein mentioned, defendant, USA, its agency USPS, and their agents, servants and employees knew or should have known that the aforesaid negligently parked trailer created an unsafe, dangerous and hazardous condition for motorists, bicyclists and pedestrians on West 29th Street between 9th Avenue and 10th Avenue.

19. Upon information and belief, that at all times herein mentioned, defendant, USA's, agency, USPS, was the owner of a postal truck bearing USA registration tag number 4871351.

20. Upon information and belief, that at all times herein mentioned, defendant, USA, its agency USPS, and their agents, servants and employees managed, operated and controlled the aforesaid postal truck bearing USA registration tag number 4871351.

21. Upon information and belief, that at all times herein mentioned, Ian Clement was an employee of defendant, USA.

22. Upon information and belief, that at all times herein mentioned, Ian Clement was acting in the course and scope of his employment with defendant, USA.

23. Upon information and belief, that at all times herein mentioned, Ian Clement was an employee of USPS.

24. Upon information and belief, that at all times herein mentioned, Ian Clement was

acting in the course and scope of his employment with USPS.

25. Upon information and belief, that at all times herein mentioned, Ian Clement managed, operated and controlled the aforesaid postal truck bearing USA registration tag number 4871351.

26. Upon information and belief, that at all times herein mentioned, Ian Clement was operating the aforesaid truck bearing USA registration tag number 4871351, with the permission and consent of defendant, USA and its agency, USPS.

27. That on July 2, 2011, plaintiff's decedent was a bicyclist proceeding west on West 29th Street, between 9th Avenue and 10th Avenue in the County, City and State of New York.

28. That on July 2, 2011, while plaintiff's decedent was a bicyclist proceeding west on West 29th Street, between 9th Avenue and 10th Avenue, she encountered the above referenced trailer bearing USA registration tag number 7025044 parked in bay 2907 at the Morgan Facility located on the north side of West 29th Street between 9th Avenue and 10th Avenue, which was parked in such a way that said trailer protruded into the right driving lane of West 29th Street causing an unsafe, dangerous and hazardous condition for motorists, bicyclists and pedestrians.

29. That on July 2, 2011, the aforesaid postal truck bearing USA registration tag number 4871351, and operated by Ian Clement, struck the decedent on her bicycle at the above referenced location.

30. That the aforesaid occurrence was caused or contributed to by the negligence, carelessness and recklessness of defendant, USA, its agency USPS, and their agents, servants and employees, including, but not limited to, Ian Clement, in their ownership, use, management, maintenance, operation and control of the aforesaid truck; in their ownership use, management,

maintenance, operation, control and parking of the aforesaid trailer, in failing to implement a safe and reasonable traffic safety plan at and near the Morgan Facility for bicyclists and pedestrians; in carelessly, negligently and recklessly managing postal traffic and parking at and near the Morgan Facility; and in their use, management, maintenance, operation and control of West 29th Street between 9th Avenue and 10th Avenue.

31. That by reason of the foregoing, plaintiff's decedent died on July 2, 2011.

32. That by reason of the foregoing, plaintiff's decedent left surviving as next of kin her husband, Nathan Dershowitz, and her children, Adam Dershowitz and Rana Dershowitz.

33. That by reason of the foregoing, plaintiff's decedent sustained a serious injury as defined in §5102(d) of the Insurance Law of the State of New York.

34. That by reason of the foregoing, plaintiff's decedent has sustained economic loss greater than basic economic loss as defined in §5102 of the Insurance Law of the State of New York.

35. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(6), on the grounds that defendants were negligent in the use, operation and ownership of a motor vehicle and CPLR 1602(7), on the grounds that defendants acted in reckless disregard for the safety of others and in doing so caused the decedent's injuries and death.

36. By reason of the foregoing, plaintiff has been damaged in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

37. The plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of this complaint numbered "1" through "36" inclusive, with the same force and effect as if fully set forth at length herein.

38. That by reason of the foregoing, from the time of the accident on July 2, 2011, through the time of her death, plaintiff's decedent, MARILYN DERSHOWITZ, sustained, among other things, pre-impact terror, fear of impending injury and death, severe injuries to her head, limbs, and body, including, but not limited to, fractures, a severe shock to her nervous system, certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and expended or became obligated to expend sums of money for medical expenses.

39. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(6), on the grounds that defendants were negligent in the use, operation and ownership of a motor vehicle and CPLR 1602(7), on the grounds that defendants acted in reckless disregard for the safety of others and in doing so caused the decedent's injuries and death.

40. By reason of the foregoing, plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment against the defendant, THE

UNITED STATES OF AMERICA on the First Cause of Action in the sum of FIFTEEN MILLION ($15,000,000.00) Dollars and in the Second Cause of Action in the sum of TWO MILLION ($2,000,000.00) Dollars, together with interest and the costs and disbursements of this action.

Dated: New York, New York
November 27, 2012

        Yours, etc.,

        GAIR, GAIR, CONASON, STEIGMAN,
        MACKAUF, BLOOM & RUBINOWITZ
        Attorneys for Plaintiff

        _____
        PETER J. SAGHIR (PS4276)
        80 Pine Street, 34th Floor
        New York, New York 10005
        (212) 943-1090

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

PETER J. SAGHIR, an attorney at law licensed to practice in the courts of the State of New York, states that affirmant is associated with the firm of Gair, Gair, Conason, Steigman, Mackauf, Bloom & Rubinowitz, attorneys for the plaintiffs in the within action; that affirmant has read the foregoing

## VERIFIED COMPLAINT

and knows the contents thereof; and that the same is true to affirmant's own knowledge except as to those matters therein stated to be alleged on information and belief and that as to those matters, affirmant believes them to be true.

Affirmant further states that the reason this verification is made by affirmant and not by the plaintiffs is that the plaintiffs are not within the County wherein affirmant maintains his office.

The grounds of affirmant's belief are investigation and data in affirmant's possession and consultations had with the plaintiffs.

The undersigned affirms that the foregoing statements are true under penalty of perjury.

Dated: New York, New York
       November 27, 2012

_____
PETER J. SAGHIR (PS4276)

```
Court Name: District Court
Division: 1
Receipt Number: 465401054181
Cashier ID: lcurtis
Transaction Date: 11/28/2012
Payer Name: GAIR GAIR

CIVIL FILING FEE
 For: GAIR GAIR
 Amount:         $350.00

CHECK
 Check/Money Order Num: 102727
 Amt Tendered: $350.00

Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

12CV8634 CM
```